971 So.2d 880 (2007)
William C. HAUCK, Appellant,
v.
STATE of Florida, DEPARTMENT OF REVENUE, etc., Appellee.
No. 3D07-209.
District Court of Appeal of Florida, Third District.
November 21, 2007.
William C. Hauck, in proper person.
Jason R. Smith, Key West, for appellee.
Before GREEN, LAGOA, and SALTER, JJ.
SALTER, J.
William Hauck, pro se, appeals the circuit court's amended order on a supplemental petition for modification of child support filed by Appellee, the Florida Department of Revenue ("DOR"). The amended order required Hauck to pay child support and arrears accrued since 2004. We affirm in part and reverse in part.
Hauck raises three issues. First, he asserts that he was not provided with financial discovery by his child's mother. In this case, however, the record does not disclose proper service by Hauck of any request for financial disclosure or documents pursuant to the applicable rules of procedure.[1] As a result, no error has been shown on this point.
Second, Hauck argues that the trial court failed to compute the arrearage properly. Paragraph 8.a. of the amended order set the arrearage at $4,000, while paragraph 9.a.(2) of the same order and the income deduction order state that the *882 arrearage amount is $5,600. The DOR brief acknowledges that the amount is $4,000, and the amended order and income deduction order are hereby reversed to the extent they recited the higher amount. Hauck also claims that the amended order failed to credit payments shown by DOR's audit report, but the record below does not reveal any such error.[2]
Third, Hauck argues that the amended order is incorrect because it indicates that: (1) it was entered after a default on his part; and (2) Hauck was not present for the hearing on September 22, 2006. The court minutes are inconclusive on this point, and Hauck did not arrange for a transcript of the hearing to be filed. There is thus no indication from the existing record that Hauck's contentions are correct (although the DOR brief states that Hauck was present), and no demonstration that a different result would have occurred had the form order been completed in accordance with those contentions.
The amended order and income deduction order are affirmed in part and reversed in part. On remand, the arrearage amount is to be entered consistently at $4,000 based on paragraph 8.a. of the amended order and the DOR answer brief.
Affirmed in part and reversed in part.
NOTES
[1] The appendix to Hauck's brief includes an undated "Motions [sic] for Production of Documents," but there is no indication that the paper was filed with the circuit court or served on DOR. The same problem affects Hauck's undated "Answer to Supplemental Petition" in the appendix to his brief.
[2] The copies of money orders attached as an appendix to Hauck's brief are illegible, were not received into evidence below, and are not definitive proof of payment to DOR for payment of the support obligations. To the extent that Hauck believes that any money order was not properly credited, he should submit a clear copy of the money order to DOR with the case information in order to determine whether the original reached DOR for receipt and credit. Fla. Fam. L.R.P. 12.540. If not, Hauck may be able to seek recovery of the amount of any such errant money order from the issuer.